UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS MacARTHUR,

                    Petitioner,                         No. 13-CV-11307

vs.                                                     Hon. Gerald E. Rosen

LORI GIDLEY,

                    Respondent.
_____/

ORDER DENYING PETITIONER'S MOTION
TO ALTER OR AMEND JUDGMENT

                 At a session of said Court, held in
                 the U.S. Courthouse, Detroit, Michigan
                 on November 04, 2014

                 PRESENT:   Honorable Gerald E. Rosen
                                  Chief Judge, United States District Court

        This habeas corpus matter is presently before the Court on Petitioner Douglas

MacArthur's "Response Breif [sic; Brief] to Magistrate's Report and Recommendation,"

which Petitioner filed in accordance with the Court's September 4, 2014 "Order

Regarding Motion to Alter or Amend."  In its September 4 Order, the Court found that

Petitioner had not been timely served with a copy of the Magistrate Judge's March 27,

2014 Report and Recommendation recommending that the Court deny his habeas corpus

petition. Noting the absence of any timely objections, the Court adopted the R&R on July

31, 2014, and entered a Judgment of Dismissal that same date.  However, on August 22,

1

2014, Petitioner filed a "Motion to Alter and/or Ammend [sic] Judgment on Petitioner[']s Habeas Corpus," in which he notified the Court that he had never received a copy of the R&R and, therefore, requested reconsideration and rehearing of the Court's July 31, 2014 decision.  In its September 4, 2014 Order regarding Petitioner's Motion to Alter or Amend, the Court directed that Petitioner be served with a copy of the R&R, allowed Petitioner 14 days to file any objections to the R&R, and ordered that Petitioner's Motion to Alter or Amend be held in abeyance until Petitioner's objections were filed.

Petitioner timely complied with the Court's September 4 Order and has now filed his objections in the form of a Brief in Response to the Magistrate Judge's Report and Recommendation.  The Court now overrules Petitioner's objections and will deny his Motion to Alter or Amend.

<u>DISCUSSION</u>

The requirements for the granting of motions for rehearing or reconsideration are set forth in Eastern District of Michigan Local Rule 7.1(h), which provides in relevant part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication.  The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

L.R. 7.1(h)(1), (3).

As provided in LR 7.1(h)(3), in order to prevail on a motion for reconsideration or

rehearing, the movant must not only demonstrate a palpable defect by which the Court has been misled, he must also show that a different disposition of the case must result from a correction of that defect. A "palpable defect" is "a defect that is obvious, clear, unmistakable, manifest or plain." *United States v. Lockette*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004). Moreover, a motion that merely presents the same issues already ruled upon by the Court -- either expressly or by reasonable implication -- will not be granted. L.R. 7.1(g); *see also Flanagan v. Shamo*, 111 F. Supp. 2d 892, 894 (E.D. Mich. 2000).

Fed. R. Civ. P. 59(e) also may be used as a vehicle for seeking rehearing or reconsideration of a court's prior ruling. Generally, there are three situations which justify reconsideration under Rule 59(e): (1) to correct a clear error of law; (2) to account for newly discovered evidence; (3) to accommodate an intervening change in controlling law; or (4) to prevent manifest injustice. *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005); *see also GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). However, like the Local Rule, motions under Rule 59(e) "are not intended as a vehicle to relitigate previously considered issues; should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence; and are not the proper vehicle to attempt to obtain a reversal of a judgment by offering the same arguments previously presented." *Kenneth Henes Special Projects Procurement v. Continental Biomass Industries, Inc.*, 86 F. Supp. 2d 721, 726 (E.D.

Mich. 2000).  "A motion to alter or reconsider a judgment is an extraordinary remedy and should be granted sparingly." *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995); *United States v. Limited, Inc.*, 179 F.R.D. 541, 547 (S.D. Ohio 1998) (citing *Sussman v. Salem, Saxon & Nielsen, P.A* ., 153 F.R.D. 689, 694 (M.D. Fla. 1994), *Pennsylvania Ins. Guar. Ass'n v. Trabosh*, 812 F. Supp. 522, 524 (E.D. Pa.1992)).  By application of the foregoing authorities, the Court has determined that Petitioner is not entitled to the extraordinary relief he seeks.

Petitioner first argues that the Court should reconsider its prior ruling adopting the Magistrate Judge's Report and Recommendation because the Magistrate Judge erred in recommending denying his habeas claim that he was deprived of his due process, equal protection and other protected rights with regard to the trial court's scoring of several offense and prior record variables in computing the Michigan sentencing guidelines. However, the Magistrate Judge correctly determined that a habeas petitioner's claim that the trial court violated state law sentencing guidelines is not cognizable in a habeas corpus action.  *See Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988); *Haynes v. Butler*, 825 F.2d 921, 924 (5th Cir. 1987).  Petitioner does not object to this determination.  Rather, Petitioner's arguments for overruling the Magistrate Judge's determination go to the MJ's *alternative* "on-the-merits" reason for denying Petitioner's claim.  However, a court may affirm a lower court's decision on any basis supported by the record. *See City Management Corp. v. U.S. Chemical Co., Inc.*, 43 F.3d 244, 251 (6th

Cir.1994).  Therefore, Petitioner's arguments going to the alternative basis proffered by the Magistrate Judge for denying relief on Petitioner's claims relating to the trial court's scoring of, or departure from, the Michigan sentencing guidelines are moot.

Petitioner next argues that the Court should review his habeas arguments regarding individualized sentencing in Claim II.  In this claim, he contends that the trial court erred in failing to consider all mitigating evidence.  The Magistrate Judge correctly rejected this argument because the Constitution does not require the presentation of mitigating evidence in non-capital cases.  *Harmelin v. Michigan*, 501 U.S. 957, 996 (1991); *United States v. Levy*, 904 F.2d 1026, 1034 (6th Cir. 1990).  Therefore, the Magistrate Judge did not err in concluding that Petitioner is not entitled to habeas relief on this claim.

With respect to his illegal sentencing claims (Claim III), Petitioner does not claim error on the part of the Magistrate Judge in his rejection of his disproportionate sentencing arguments.  He argues only that the Magistrate Judge erred in finding no illegality of his sentence where it was based on facts found by the trial judge and to which he did not admit, on questioning by the prosecutor or the court, in entering his plea.  However, the *Apprendi/Blakely/Booker* prohibition against judicial factfinding relied upon by Petitioner does not apply under Michigan law which provides for an indeterminate sentencing scheme where the sentence imposed is a minimum and a maximum sentence, and the maximum sentence is set by law and is not determined by the

trial judge.  *See People v. Drohan*, 475 Mich. 140 (2006); *People v. Claypool*, 470 Mich. 715 (2004); M.C.L. § 769.8.

As for Petitioner's argument that he never admitted guilt to the elements of the crimes used in scoring his guidelines, Petitioner does not point to any materially *false* information relied upon by the trial court in imposing its sentence.  As the Magistrate Judge pointed out, under *Townsend v. Burke*, 334 U.S. 736 (1948) and *United States v. Tucker*, 404 U.S. 443 (1972), a sentence may be invalidated only where it is shown that materially false information was actually relied upon by the sentencing court.  *Hamks v. Jackson*, 125 F. Supp. 2d 1061, 1074 (E.D. Mich. 2000).  Petitioner here does not argue that the trial judge's scoring of the guidelines was based on any materially false information.  Therefore, he has failed to demonstrate that he is entitled to habeas relief on this claim.

Petitioner next argues that the Magistrate Judge misinterpreted his argument in his Claim VI regarding his sentencing as a second habitual offender.  The Magistrate Judge addressed only Petitioner's argument that the habitual notice filed by the prosecutor was untimely.  He contends that his argument was also that the habitual offender enhancement was improperly applied as "two of defendant[']s priors were on the same case and same plea and were run concurrent, which would have made them count as (1) toward the calculating of the habitual."  *See* Response pg. 5.  A review of MacArthur's Petition confirms that indeed, he did make this argument in his Petition.  [*See* Petition pg.

6

5, Doc. # 1, Pg. ID 5; Pro Per Supplemental Breif [sic; Brief], pp. 30-31, Doc. # 1-2, Pg.

ID 118-119].  Nonetheless, notwithstanding that Petitioner's argument raises an issue of

state law that does not provide a cognizable ground for habeas relief, his argument lacks

legal merit.  In *People v. Gardner*, 482 Mich. 41, 753 N.W.2d 78 (2008), the Michigan

Supreme Court overruled earlier decisions [*People v. Preuss*, 436 Mich. 714, 461

N.W.2d 703 (1990); *People v. Stoudemire*, 429 Mich. 262, 414 N.W.2d 693 (1987)],

which held that multiple felonies that arise from the same criminal incident or transaction

count as a single felony under the habitual offender laws.  "We conclude that the

holdings of *Stoudemire* and *Preuss* directly contradict the plain text of the statutes.

Therefore, we overrule these cases." 482 Mich. at 44, 753 N.W.2d at 81.  The Court

found that "[t]he unambiguous statutory language directs courts to count each separate

felony conviction that preceded the sentencing offense, not the number of criminal

incidents resulting in felony convictions." *Id.*   Accordingly, the Court held that

"Michigan's habitual offender laws clearly contemplate counting each prior felony

conviction separately. The text of those laws does not include a same-incident test." *Id.* at

68, 753 N.W.2d at 95.  *Gardner* was the controlling law in effect at the time of

Petitioner's  conviction and sentencing, and remains the law in Michigan to this date.

Therefore, the trial court did not err in sentencing Petitioner as a habitual offender based

on two prior convictions arising from the same incident.

      The Court also rejects Petitioner's argument that the Magistrate Judge erred in

finding that he is not entitled to relief on his claim that the prosecutor violated the terms of the plea agreement by arguing at sentencing for the imposition of the maximum penalty permitted by the guidelines.  As the Magistrate Judge concluded, although the prosecutor stated in initially describing the terms of the plea agreement, "There would be no sentence agreement or recommendation.  He will take the sentence as the Judge imposes it," [Pl. Tr., p. 4], this statement could be read as indicating that the parties had not agreed jointly on a particular sentencing recommendation.  Therefore, it was not unreasonable for the Michigan Court of Appeals to reject Petitioner's *Santobello* claim[1] on the ground that the prosecutor did not in fact agree to refrain from making a sentencing recommendation at the sentencing hearing.

Finally, because each of Petitioner's claims is without merit, he cannot show that his counsel was ineffective for failing to raise these claims before the trial court.  *See Bradley v. Birkett*, 192 F. App'x 468, 475 (6th Cir. 2006) (counsel not ineffective for failing to raise meritless objection).

For all of the foregoing reasons, the Court concludes that Petitioner has not demonstrated "a palpable defect by which the court and the parties have been misled" or "that correcting the defect will result in a different disposition of the case."  Eastern District of Michigan Local Rule 7.1(h)(1), (3).

## CONCLUSION

---

[1]  *Santobello v. New York*, 404 U.S. 257 (1971).

8

For all of the reasons set forth above,

IT IS HEREBY ORDERED that Petitioner's August 22, 2014 "Motion to Alter or

Amend Judgment **[Dkt. # 21]** is DENIED.


                              s/Gerald E. Rosen
                              Chief Judge, United States District Court

Dated:  November 4, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or
counsel of record on November 4, 2014, by electronic and/or ordinary mail.

                              s/Julie Owens
                              Case Manager, (313) 234-5135

9