UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS MacARTHUR,

                    Petitioner,                    No. 13-CV-11307

vs.                                          Hon. Gerald E. Rosen

LORI GIDLEY,

                    Respondent.
_____/

<u>ORDER DENYING MOTION FOR CERTIFICATE OF APPEALABILITY</u>

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on December 15, 2014

PRESENT:  Honorable Gerald E. Rosen
                  Chief Judge, United States District Court

Douglas MacArthur filed a Petition for a Writ of Habeas Corpus on March 25,

2013 challenging the sentence imposed upon him by the Genesee County Circuit Court

following his conviction pursuant his plea of guilty to charges of sexual assault, third

degree criminal sexual conduct, and interfering with electronic communications.  On

March 27, 2014, the Magistrate Judge entered a Report and Recommendation

recommending that MacArthur's Petition be denied and that no certificate of

appealability be issued.  On July 31, 2014, the Court entered an Opinion and Order

adopting the Magistrate Judge's R&R and entered Judgment in accordance therewith.

MacArthur thereafter filed a Motion to Amend or Alter Judgment seeking reversal

1

of the Court's July 31 Opinion and Order, which the Court denied on November 4, 2014.

Petitioner MacArthur now has filed a Motion for Certificate of Appealability. In his motion, MacArthur contends that the constitutional claims he raised in his habeas corpus petition are not meritless. However, he makes no arguments not previously addressed in the Magistrate Judge's Report and Recommendation which this Court adopted. For the reasons stated in the Magistrate Judge's R&R, Petitioner is not entitled to a certificate of appealability. The Magistrate Judge determined:

> [P]etitioner's guideline and habitual offender claims are not cognizable on habeas review, and it is equally clear that the guideline scoring and habitual offender notice were proper under Michigan law. Thus, the resolution of these claims is not reasonably debatable. Further, it is clear that petitioner had no constitutional right to have the court consider mitigating evidence in sentencing him, and that the *Apprendi* rule does not (or at a minimum, did not at the time of petitioner's sentencing) apply to Michigan's indeterminate sentencing scheme. Further, given the nature of the offense, it is clear that petitioner's sentence is not so grossly disproportionate to his offense that it violates the Eighth Amendment. Thus, the resolution of these claims is not reasonably debatable. Because petitioner has failed to identify any materially false factual information relied upon by the trial court in imposing sentence, or any term of the plea agreement that was breached by the prosecutor, the resolution of these claims is not reasonably debatable. Finally, because the resolution of petitioner's underlying claims is not reasonably debatable, it follows that the resolution of petitioner's ineffective assistance claims is likewise not debatable.

[3/27/14 Report and Recommendation, Dkt. # 16, pp. 31-32.]

The Court concurred in the Magistrate Judge's reasoning and adopted his determinations. *See* 7/31 and 11/4/14 Orders, Dkt. # 17, p. 2; Dkt. # 25. No new arguments having been raised by Petitioner in the instant Motion,

IT IS HEREBY ORDERED that Petitioner's Motion for a Certificate of Appealability **[Dkt. # 26]** is DENIED.

Petitioner should note that when a district court denies a certificate of appealability the proper procedure is for the petitioner to file a motion for a certificate of appealability before the appellate court in the appeal from the judgment denying the petition for writ of habeas corpus or motion to vacate sentence. *See Sims v. United States,* 244 F. 3d 509 (6th Cir. 2001)(citing Fed. R.App. P. 22(b)(1)). In light of the fact that this Court has already denied Petitioner MacArthur a certificate of appealability, Petitioner should direct his request for a certificate of appealability to the Sixth Circuit.

SO ORDERED.


s/Gerald E. Rosen
Chief Judge, United States District Court

Dated:  December 15, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 15, 2014, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135

3